IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 18-0062 (MN) |
| | ) | |
| CARL ROY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 30th day of September, 2020:

The Court sentenced Defendant Carl Roy ("Roy" or "Defendant") on August 28, 2019 to 114 months of imprisonment, five years of which are mandatory. He has been in prison since his arrest on July 19, 2018, and thus has served just under 28 months of his 114 month sentence. On August 20, 2020, Roy filed a motion seeking compassionate release from prison. (D.I. 50). I have received further submissions. (D.I. 54, 56).

The statute applicable to this motion, 18 U.S.C. § 3582(c), provides:

(c) **Modification of an Imposed Term of Imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c),

There is also a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
>> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Further, there is an application note that provides:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

"The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). To obtain relief under section 3582(c)(1)(A)(i), Roy must show that (1) he has met the exhaustion requirement or the requirement is otherwise excused, (2) "extraordinary and compelling reasons" warrant a reduction of his sentence, (3) he is not a danger to others or the community, and (4) a reduction is consistent with the factors set forth in section 3553(a). Courts address these factors in sequence. *See United States v. Leonard,* No. CR 16-75-RGA, 2020 WL 3207085, at *2 (D. Del. June 15, 2020) (citing *United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020)).

Here, Defendant requested compassionate release from the Warden of Hazelton Federal Correctional Institution in West Virginia ("FCI Hazelton") on July 6, 2020.[1] (D.I. 54-3). On July 9, 2020, that request was denied, noting "your medical provider revealed you do not meet the medical criteria of debilitated. You do not suffer from a progressive illness that has affected your ability to self-care and you are not confined to a bed or chair 50% of waking hours." (See D.I. 54-4). It has been more than thirty days since Mr. Roy filed his request for compassionate release and was denied by FCI Hazelton. The Government agrees that Defendant has met the exhaustion requirement, and that I can consider his request. (D.I. 54 at 6).

Defendant argues that the extraordinary and compelling circumstances supporting his relief are that he has been diagnosed with high blood pressure and hypertension and there is a COVID-19 pandemic. (D.I. 50 at 21). The Government has produced Defendant's medical records. (D.I. 54, Exhs. F & G (sealed)). As the Government demonstrates (*id.* at 5-6), the records show that Roy has hypertension that is monitored by BOP staff and is well-controlled. (D.I. 54, Exh. G at

---

[1] The form appears to have been filled out on June 2, 2020. (D.I. 54-3). It bears a "Received" notation dated July 6, 2020. (*Id.).*

5). Roy has been prescribed medicines for his hypertension and the records indicate that he has been taking those medications without incident. (*See* generally D.I. 54, Exh. G).[2] The medical records reflect that the defendant's blood pressure has elevated sporadically, but the that is regularly monitored and treated. (*Id.*).

As of September 11, 2020, the section of the CDC website relating to "Serious heart conditions" notes that "[h]aving … cardiovascular or cerebrovascular disease, such as hypertension (high blood pressure) or stroke, may increase your risk of severe illness from COVID-19." The website then lists as "Actions to take": "

> Take your medicines exactly as prescribed and follow your healthcare provider's recommendations for diet and exercise while maintaining social distancing precautions.
>
> Continue angiotensin converting enzyme inhibitors (ACE-I) or angiotensin-II receptor blockers (ARB) as prescribed by your healthcare provider for indications such as heart failure or high blood pressure.
>
> Make sure that you have at least a 30-day supply of your heart disease medicines, including high cholesterol and high blood pressure medicines.
>
> Call your healthcare provider if you have concerns about your condition or feel sick.

Here, the record shows that Defendant has his blood pressure regularly monitored and treated with diet and medicines that he has taken without incident. Defendant's increased risk of getting very sick from COVID-19 appears at most to be minimally increased over that of a person without hypertension. Thus, he does not have such health issues as to demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic,

---

[2] In January and February of 2020, medical staff at FCI Hazelton offered, but the defendant twice refused an increase in his blood pressure medication. (See D.I. 54. at 50 and 52). The defendant reported that he would try to change his diet and consume less sodium. (*See id.* at 11).

and thus, he does not qualify for compassionate release. I therefore need not consider the third and fourth steps in the analysis.

      THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 50) is DENIED without prejudice.

                                               *Maryellen Noreika*
                                      UNITED STATES DISTRICT JUDGE