IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL DECORSEY ROY, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | C.A. No. 20-1276 (MN) |
| ) | Cr.A. No. 18-62 (MN) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM OPINION**

Carl Decorsey Roy – *Pro se* Movant.

Christopher de Barrena-Sarobe, Assistant United States Attorney, United States Department of Justice, Wilmington, DE – Attorney for Respondent.

September 11, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**

Movant Carl Decorsey Roy ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 57; D.I. 58). The Government filed a Response in opposition. (D.I. 65). For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

I. **BACKGROUND**

In June 2018, Movant committed a variety of drug and firearm offenses as the result of sales he made to ATF confidential informants; each transaction was recorded on video. (D.I. 65 at 1; D.I. 65-1 at 10). On August 16, 2018, a grand jury for the District of Delaware returned an eight count indictment charging Movant with distribution of 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (Counts One and Five); felon in possession of a firearm (Counts Two, Four, and Six); distribution of a mixture and substance containing a detectable amount of heroin (Counts Three and Eight); and possession with intent to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base (Count Seven). (D.I. 11). The Parties intended to enter into a plea agreement in accordance with Rule 11(c)(1)(C), and a change of plea hearing was scheduled for May 16, 2019. (D.I. 34; D.I. 65 at 2). During the initial hearing on May 16, 2019, Movant declined to enter into a plea because he had questions about the sentencing guidelines; consequently, the Court ordered a pre-plea presentence investigation ("PSR") and deferred acceptance of the plea agreement pending its review of the PSR. (D.I. 65 at 2). After a draft PSR was issued on July 12, 2019, the Court scheduled a Rule 11 plea and sentencing hearing for August 28, 2019. (D.I. 37; D.I. 38).

On August 28, 2019, the Government filed a superseding seven count information, charging Movant with: (1) distribution of 28 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Counts One

and Five); (2) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Two, Four, and Six); (3) delivery of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) (Count Three); and (4) possession with intent to deliver a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C)(Count Seven). (D.I. 45). Petitioner signed a waiver of indictment consenting to the prosecution proceeding by the superseding information instead of by indictment. (D.I. 44 at 1).

The Court then conducted a plea colloquy with Movant, during which it discussed each paragraph of the Plea Agreement and explained how a plea pursuant to Rule 11(c)(1)(C) works. (D.I. 45; D.I. 65-1 at 5-9). Of particular relevance to this proceeding are Paragraphs 8 and 9 of the Plea Agreement, which explicitly state that the stipulated sentence of 114 months "becomes binding on the Court" if "the Court accepts the Memorandum of Plea Agreement." (D.I. 45 ¶¶ 8, 9). Movant acknowledged he understood that the Court would be bound to impose the 114-month sentence if it accepted Movant's plea. (D.I. 65-1 at 6-8). Movant also acknowledged that he was fully satisfied with counsel's advice and representation, that nobody forced or threatened him to enter the agreement, and that nobody made any promises to induce him to plead guilty. (D.I. 65-1 at 4-8). After finding that Movant was "fully competent and capable of entering an informed plea," and that his guilty plea was knowing and voluntary, the Court accepted Movant's guilty plea to all seven charges in the superseding information and signed the Memorandum of Plea Agreement. (D.I. 65-1 at 11).

Sentencing occurred immediately thereafter. The Court and the Parties discussed the Guidelines calculation in the PSR, and the Court set the Guidelines range at 108 to 135 months, with a sixty-month mandatory minimum. (D.I. 65-1 at 11-13). Although defense counsel did not

3

personally lodge an objection to the Court's calculation of the Guidelines, Movant himself challenged the addition of three points to his criminal history, stating:

> [O]ne concern was as far as my criminal history points it said I had received three points for a charge in 2001 that I committed. I was 16 at the time. I'm 34 years now. And like I explained to my attorney, I feel as though that shouldn't count against me as far as my criminal history points, because it was over 18 – almost 18 years ago. I was 16 years old.

(D.I. 65-1 at 13) After a brief recess, the Court rejected Movant's argument, explaining:

> We've reviewed the guidelines, and [Movant's 2003 conviction in the Superior Court] meets the guidelines of Section 4(a)1.1 because the imprisonment was greater than a year and a month and the sentence within 15 years of the current offense. That being said, I don't think it makes a difference in connection with the sentence that I am bound to impose here today.

(*Id*. at 14) The Court then stated, "in determining that the 114-month stipulated sentence is an appropriate sentence for you, [Movant], I have considered all of the [18 U.S.C. § 3553(a)] factors that the law requires me to consider." (*Id*. at 15). The Court sentenced Movant to the stipulated 114 months of imprisonment set forth in the Plea Agreement. (*Id*. at 14-16; D.I. 45).

In exchange for entering the Plea Agreement, the Government had agreed not to pursue Count Seven of the original indictment – which carried a ten-year mandatory minimum sentence. (D.I. 65 at 3). Therefore, the Government filed a motion to dismiss Count Seven of the indictment, which the Court granted on September 4, 2019. (D.I. 47; D.I. 48).

## II. APPLICABLE LEGAL PRINCIPLES

A prisoner in federal custody may attack the validity of his conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Consequently, a prisoner may only seek relief under § 2255 if he alleges a jurisdictional

4

defect, a constitutional violation, or an error that resulted in a "complete miscarriage of justice" or was "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

### A. Ineffective Assistance of Counsel

The clearly established Supreme Court precedent governing ineffective assistance of trial counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003); *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a movant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Yet, as to prejudice at sentencing, a movant must show a reasonable probability that he would have received a more lenient sentence if not for errors by counsel. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *United States v. Sepling*, 944 F.3d 138, 144-45 (3d Cir. 2019) (noting that, if sentencing counsel was constitutionally ineffective, a movant "can then satisfy the prejudice prong of *Strickland* if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentencing would have been different.") (cleaned up).

A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffective assistance of counsel claim solely on the ground that the defendant was not prejudiced. *See Strickland,* 466 U.S. at 698. Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### B. Sentencing Guidelines Calculation of Criminal History

Section 4A1.2(d) of the United States Sentencing Guidelines governs the computation of criminal history points for offenses committed prior to age eighteen. According to § 4A1.2(d)(1), three points are added "if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.2(d)(1). Section 4A1.2(e)(1) further provides that,

> [a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

In contrast, § 4A1.2(d)(2) governs "any other case" (*i.e.*, less significant juvenile or adult convictions committed while a juvenile) where the defendant was either sentenced or released from confinement within five years of his commencement of the instant offense. According to subdivision (d)(2), either one or two points should be added to the defendant's criminal history, depending on the sentence. *See* U.S.S.G. § 4A1.2(d)(2).

### III. DISCUSSION

The following summary provides relevant background information for the instant proceeding. In 2001, Movant was indicted in the State of Delaware and charged with first degree

6

assault, attempted first degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), second degree conspiracy, and wearing a disguise during the commission of a felony. (D.I. 65-2 at 16-18). Movant was sixteen years old at the time of the offenses. On June 18, 2003, Movant pled guilty in the Delaware Superior Court to first degree robbery and PFDCF. (D.I. 65-2 at 2). The Superior Court sentenced Movant to nine years of imprisonment, suspended after four years and six months (three of which were mandatory) for four years of probation. (D.I. 65-2 at 12-15). Movant was eighteen years old at the time of his conviction and imposition of sentence.

In his timely filed § 2255 Motion, Movant asserts that defense counsel provided ineffective assistance during sentencing following the acceptance of his Rule 11(c)(1)(C) Plea Agreement by failing to object to the addition of three points to his criminal history for his 2003 conviction under U.S.S.G. § 4A1.1(d)(1). Movant contends the Court should have assessed the effect of his 2003 conviction under § 4A1.1(d)(2) instead of § 4A1.1(d)(1) and, since his release from confinement for the 2003 conviction was "well over the five year time period" set forth in § 4A1.2(d)(2), no points should have been added to his criminal history. (D.I. 57 at 4; D.I. 58 at 2). Movant also asserts that defense counsel failed to "conduct a reasonable investigation" into Movant's "readily-available prior conviction file." (D.I. 58 at 3; D.I. 58-1 at 4). Yet, since Movant does not identify any other "prior conviction" that should have been challenged, the Court views these assertions as comprising one ineffective assistance of counsel claim concerning defense counsel's failure to object to the Guidelines calculation for his criminal history ("IAC Claim").[1] Importantly, Movant

---

[1] Movant also "contends that the [G]overnment breached the plea agreement when they disregarded, failed to acknowledge, adhere to, and honor the express terms of the agreement." (D.I. 58-1 at 3). Movant does not identify, and the Court cannot discern, how the Government allegedly breached the Plea Agreement. (D.I. 58-1 at 3). Consequently, to the extent Movant intended to assert an independent "breach of agreement" claim, the Court denies the claim for being conclusory, vague, and unsupported. The Court acknowledges Movant may be alleging a breach by the Government in order to avoid the

only focuses on defense counsel's actions with respect to the sentence he received; he does not assert does that defense counsel provided ineffective assistance by advising him to plead guilty and accept the 114-month sentence.[2]

Movant has properly raised his ineffective assistance allegation in a § 2255 Motion. *See Massaro v. United States,* 538 U.S. 500 (2003). Nevertheless, the instant IAC Claim is meritless. Movant incorrectly believes that § 4A1.2(d)(2) – and not § 4A1.2(d)(1) – governs the calculation of his criminal history for the offenses committed in 2001. Although Movant was sixteen years old when he was arrested for committing the relevant offenses in December 2001, he was eighteen years old in August 2003 when he was convicted of, *inter alia*, first degree assault, and his conviction record demonstrates that he was prosecuted and sentenced as an adult in the Delaware Superior Court.[3] (D.I. 65-2) Movant was sentenced to four years and six months of

---

Plea Agreement's waiver of appellate and collateral rights. (*See* D.I. 45 ¶ 15). To the extent this interpretation of Movant's intent is correct, the Court notes that the waiver provision explicitly permits Movant to file a § 2255 motion "on the grounds that he received ineffective assistance of counsel." (D.I. 45 at ¶ 15). Therefore, Movant can bring the instant § 2255 Motion without violating the Plea Agreement's waiver of appellate and collateral rights provision.

[2] Nor can he. Defense counsel secured a clear benefit for Movant by negotiating the 114-month sentence because, in exchange, the Government declined to pursue a charge with a 120-month mandatory minimum sentence.

[3] For instance, Movant's motion for reverse amenability was denied on May 7, 2023, and his case remained in the Superior Court rather than being transferred to Family Court. (*See* D.I. 65-2 at 4, Entry No. 21). A reverse amenability "proceeding vests with the Superior Court the power to examine independently the evidentiary basis for the crime charged by which it considers whether the State can establish a *prima facie* case for the charge which subjected the child to the Superior Court. *Hughes v. State*, 653 A.2d 241, 249 (Del. 1994), *as clarified* (Jan. 30, 1995).

imprisonment.[4] (D.I. 65-2). Since Movant's four year and six month period of incarceration from his adult conviction (December 27, 2001 to March 2006)[5] was greater than one year and one month and extended into the fifteen-year period (June 2003 – June 2018) prior to Movant's commencement of the offenses (June 2018) that resulted in his current conviction, the Court properly added three points to his criminal history under §§ 4A1.1(a), 2(d)(1), and 2(e)(1). Thus, defense counsel did not perform deficiently by failing to raise a meritless objection to the calculation of Movant's criminal history.

Moreover, Movant cannot demonstrate that he was prejudiced by defense counsel's failure to object to the calculation of his criminal history. Pursuant to Rule 11(c)(1)(C), the parties' stipulation to a specific sentence is binding on a court once the court accepts a plea agreement containing such a stipulation, as long as the sentence is consistent with the relevant Guidelines range. *See Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018) ("A sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence."); *Freeman v. United States,* 564 U.S. 522, 529 (2011) ("Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court once the court accepts the plea agreement, but the governing policy statement confirms that the court's acceptance is itself based on the Guidelines."); *United States v. Bernard,* 373 F.3d 339, 343–44 (3d Cir. 2004) ("Once the District Court has accepted such an agreement, it is binding.").

---

[4] Movant was sentenced to nine years of imprisonment, suspended after four years and six months (three of which were mandatory) for four years of probation. His sentence was effective December 27, 2001. (D.I. 65-2 at 12-17).

[5] Although Movant was sentenced to four years and six months of nonsuspended incarceration, it appears he was released on probation sometime between March 2, 2006 and April 24, 2006, because an administrative warrant for a violation of probation was filed on April 24, 2006. (D.I. 65-2 at 6, Entry Nos. 41, 43).

Consequently, once the Court accepted Movant's guilty plea and Plea Agreement, and also determined that the stipulated sentence was consistent with the 108 to 135 month Guidelines range, the Court was bound to impose the stipulated 114-month sentence. Given these circumstances, Movant cannot demonstrate a reasonable probability that he would have received a different sentence but for defense counsel's failure to challenge the three point addition to Movant's criminal history. Accordingly, the Court will deny the instant § 2255 Motion.

### IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion as meritless, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

### V.    CONCLUSION

For the reasons discussed, the Court will deny the instant Motion without issuing a certificate of appealability. The Court will enter an Order consistent with this Memorandum Opinion.